ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
 I. INTRODUCTION
This matter is before the court on a motion for summary judgment filed by Defendant Portland Development Commission (PDC) and a motion for partial summary judgment filed by Plaintiff Multnomah County Assessor (county). The motions address asserted procedural irregularities. If PDC prevails on its motion this case would terminate. If county prevails on its motion the case would be continued to address the merits. At the hearing on this matter the parties stipulated that the factual record is as set out in the stipulation of facts attached to the opening brief of the county in the proceedings in the Magistrate Division.
 II. FACTS
PDC operates a low income housing property (the property) in the city of Portland. References to the property are exclusive of the portion of the premises used for commercial purposes. The county treated the property as exempt for a number of years, including the 2008-09 tax year. (Agreed Facts, ¶¶ 8, 11, 14, 17.) *Page 2 
In preparing the 2009-10 tax roll, the assessor determined that the property did not qualify for exemption. The determination was based on a changed view of the legal requirements for exemption and not on any change in the use of the property. (Ptf's Mot for Part Summ J at 2.) On September 21, 2009, the assessor included the property in the tax roll being prepared for the 2009-10 tax year. That roll was certified on October 9, 2009. (Agreed Facts, ¶ 18.)
Although no notice was given by the county to PDC prior to the delivery to PDC of the property tax bill for the property in late October 2009, the tax bill did show the property as taxable and included an amount due as property tax on the property.
 III. ISSUE
Was the action of the county procedurally defective so as to render its actions void by reason of the fact that the county did not notify PDC, pursuant to ORS 311.216, of its intent to subject the property to taxation and otherwise follow the procedural requirements of ORS 311.216 to ORS 311.232?
 IV. ANALYSIS
The county assessor is required each year to assess the value of all taxable property within the county. ORS 308.210; ORS 308.330.[1] The record of the assessment is the assessment roll. ORS 308.215.[2] The assessment roll must be certified by the assessor. ORS 308.320. After September 25 of any year, only certain changes may be made to the roll and those must be made by December 31 of the year. ORS 308.242. A further certificate is required of the assessor relating to tax levied. ORS 311.105. *Page 3 
The roll must be delivered to the tax collector at a time enabling the mailing of tax statements on or before October 25 of each year. ORS 311.115.
The foregoing are the most important, but not all, of the steps in the annual and inexorable process that makes possible the proper administration of the property tax system and the collection of revenue on which so many local governments depend. The statutory provisions in total are a detailed step-by-step description of the nature and timing of various acts, each of which is to be made so that all together can support the annual levy and payment of property taxes due. Central to the entire process is the preparation and finalization of the roll.
Although the assessment roll is central to the property tax system, it is not considered to be necessarily free of errors or omissions. As mentioned, some of these, of a type not applicable here, may be corrected after September 25 and before December 31 of each year. Otherwise, a specific set of statutory provisions govern corrections to the roll.
A clarification regarding terminology is appropriate here. The statutes on changes to the roll refer at times to the "current" roll. On the facts of this case, the parties do not question, and in any case the court concludes, that the "current" roll as of the time just before the assessor of the county certified the roll in question here was the roll for the tax year 2008-09, that is the roll for the immediately preceding tax year. Further, the court concludes, and the parties appear to agree, that once the roll for the 2009-10 year was certified by the assessor, that roll — the roll on which the property was shown as taxable — became the "current" roll.
ORS 311.205 governs when certain corrections to the current roll may be made after the assessor certifies the roll. These corrections, which must be made after use of the process specified in ORS 311.216 to ORS 311.232, relate to certain specified errors or omissions, none of which are asserted to have occurred here. *Page 4 
In any case, these procedures must be followed only in cases where the assessor has already delivered the roll to the tax collector.
The procedural protections of ORS 311.216 to ORS 311.232 also apply to the addition to the current roll, or certain prior
rolls, of property that was omitted from such rolls. ORS 311.216. Here again, however, the action of which PDC complains — the decision of the assessor to treat the property as no longer exempt — was made in September of 2009 before the certification of the roll for the 2009-10 year and therefore was not made to the then "current roll." Nor does the action of the assessor at issue here relate to any prior years. Accordingly, the procedural protections of ORS 311.216 that PDC asserts apply are not applicable.
The result of this analysis is that the assessor is permitted to alter position as to exemption or valuation without notice to the property owner prior to the issuance of the tax statement. Then, of course, the statutes provide ways for the adversely affected owner to challenge the decision of the assessor. ORS 309.100; ORS 305.275.
PDC cites the decision of this court in Perkins v. Dept. ofRev., 15 OTR 381 (2001) as being to the contrary of the foregoing conclusion. Perkins did require the assessor to afford the procedural protections sought by the taxpayer here. However, the facts in Perkins were different from the facts here in one critical respect. In Perkins, the assessor purported to change the roll after the certification of the roll, and indeed after the issuance of the tax statement for the year. The change was therefore to the "current" roll. Indeed, in Perkins the court took care to point to ORS 308.242 and its limitations on changes to the rolls after September 25 of any year. Perkins, 15 OTR at 386. In this case, the change in the legal position of the assessor was made before September 25, 2010. It was made in the process of preparing the next roll, not in any process seeking to change the then "current" roll for the tax year 2008-09. *Page 5 
Although assessors are required to follow the procedural requirements that PDC seeks in cases where changes are proposed to a current year, no statute requires that such procedures be followed in preparing a roll yet to be certified. PDC makes no argument that the Oregon or federal constitutions require more.
 V. CONCLUSION
Accordingly, the motion for summary judgment of PDC is denied and the motion for partial summary judgment of the county is granted. The case will be continued for consideration of the merits. Now, therefore,
IT IS ORDERED that Plaintiff's Motion for Partial Summary Judgment is granted; and
IT IS FURTHER ORDERED that Defendant's motion for summary judgment is denied.
Dated this ___ day of November, 2011.
THIS DOCUMENT WAS SIGNED BY JUDGE HENRY C. BREITHAUPTON NOVEMBER 29, 2011, AND FILED THE SAME DAY. THIS IS A PUBLISHEDDOCUMENT.
[1] All references to the Oregon Revised Statutes (ORS) are to 2009.
[2] PDC does not claim the benefit of any form of special assessment.